UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RUIZ HERNANDEZ,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-7917-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jose Ruiz Hernandez has been a lawful permanent United States resident since December 6, 2003. Petitioner was detained by ICE on December 17, 2025, upon returning from a trip abroad. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner has been a lawful permanent resident ("LPR") of the United States since December 6, 2003. ECF No. 5-1 at 2. On December 17, 2025, petitioner was returning from a trip abroad when immigration authorities questioned petitioner regarding a 2013 drug arrest in a foreign country, which petitioner explained had been dismissed. *Id.* at 2-3. Authorities searched petitioner's phone and did not confirm any drug related activities but determined that petitioner had engaged in prostitution. *Id.* at 2-3. Authorities deemed petitioner inadmissible to the United States due to involvement in prostitution, issued petitioner a notice to appear in immigration

court, and detained petitioner. *Id.* On September 14, 2026, an immigration judge found petitioner inadmissible, denied cancellation of removal, and ordered petitioner removed. ECF No. 5-6. Petitioner has appealed this decision to the Board of Immigration Appeals ("BIA"). ECF No. 5-7.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that her custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that her prolonged detention without a bond hearing violates due process.[1] ECF No. 1 at 5, 7. Respondent counters that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A) because petitioner is inadmissible under 8 U.S.C. § 1182(a)(2) for having engaged in prostitution. ECF No. 5 at 1. Respondent also argues that petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b). Respondent attaches documents supporting both statutory grounds for mandatory detention. *See* ECF Nos. 5-3, 5-4, 5-5 & 5-6. Pursuant to section 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023); *see* 8 U.S.C. § 1226(c)(1); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

This does not end the inquiry, however, because petitioner claims that her ten-month-long detention without a bond hearing violates the Due Process Clause, which protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to [the Fifth Amendment's] constitutional protection."); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025). "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." *Tinoco v. Noem*, No. 1:25-cv-01762-DC-JDP (HC), 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing *Zadvydas*, 533 U.S. at 690).

Respondent argues that petitioner's mandatory detention without a bond hearing of approximately ten months does not violate due process. ECF No. 5 at 3-5. While the Supreme Court has rejected a facial challenge to mandatory detention under section 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003), an as applied challenge is not foreclosed. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025). "[T]he First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [that section].'" *Id.* at *5 (quoting *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021); *see also Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after *Demore* and *Jennings*, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention

becomes unreasonable).

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" *Martinez v. Clark*, No. 2:18-cv-1669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); *see also Loba L.M.*, 2025 WL 2939178, at *5; *Solorzano-Ramirez*, 2026 WL 1257256, at *2; *Keo v. Chestnut*, No. 1:26-cv-1192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026). As noted in *Rakeshkumar H.P. v. Warden*, No. 1:26-cv-2869-MWJS, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026), "Judges have reached different conclusions about what standards ought to govern constitutional challenges of [this] sort." *See also Keo*, 2025 WL 1029392, at *5 (collecting cases).

Petitioner argues for a bright line six-month standard that is not supported by controlling precedent. *See* ECF No. 1 at 8. After *Demore*, the Court of Appeals held that mandatory detention under section 1226(c) has an implicit six-month limit, at which time the government must justify continued detention by clear and convincing evidence at a bond hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-81 (9th Cir. 2015). But the Supreme Court reversed, finding that this statutory provision cannot reasonably be read to limit detention to six months. *Jennings v. Rodriguez*, 583 U.S. 281, 303-306 (2018). As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018). "Since the *Rodriguez* remand, there has been a dearth of guidance regarding the point at which an individual's continued mandatory detention under Section 1226(c) becomes unconstitutional." *Lopez v. Garland*, 631 F. Supp. 3d 870, 876 (E.D. Cal. 2022) (internal quotation marks and citation omitted).

Because neither the Court of Appeals nor the Supreme Court have provided guidance explaining when a noncitizen's mandatory detention under section 1226(c) becomes unconstitutional, courts in this Circuit have used varied tests to determine whether due process

requires a bond hearing. The three main tests are: (1) the general due process assessment under *Mathews v. Eldridge*, 424 U.S. 319 (1976); (2) the test announced in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); and (3) the test announced in *Lopez*, 631 F. Supp. 3d at 879, where the court determined whether prolonged mandatory detention under section 1226(c) violates the Due Process Clause by considering three factors: "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."[2]

Petitioner does not address the various tests and instead defaults to an assessment under *Mathews*. *See* ECF No. 1 at 10-11. In the absence of binding authority instructing the court which test to employ, I analyze petitioner's claim under the *Lopez* test because that case dealt with the same statutory authority under which petitioner is detained.[3] Moreover, "[w]hile the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1118. Similarly, the two

---

[2] The *Lopez* test utilizes three factors from the *Banda* test. *Lopez*, 631 F. Supp. 3d at 877-79. In *Banda*, to determine whether prolonged mandatory detention under section 1225(b) violates the Due Process Clause, the court also considered "the conditions of detention" and "the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).

[3] If I analyzed petitioner's claim under *Mathews*, I would conclude that she is entitled to relief. As an LPR, *see* ECF No. 5-1, petitioner has a significant private interest that is affected by detention. *See Burton v. Larose*, No. 3:26-cv-2627-JES-BJW, 2026 WL 1256875, at *2-3 (S.D. Cal. May 7, 2026); *B.R. v. Warden*, No. 1:26-cv-0810-TLN-CSK, 2026 WL 1091489, at *2 (E.D. Cal. Apr. 22, 2026); *Amezcua v. Noem*, No. 5:26-cv-1070-SRM-AGR, 2026 WL 1048212, at *6 (C.D. Cal. Mar. 25, 2026); *Galvan Maldonado v. Andrews*, No. 1:26-cv-1451-DJC-JDP, 2026 WL 1864622 (E.D. Cal. June 29, 2026). Further, the probable value of a bond hearing is high because petitioner has never been convicted of a crime, and although the government has an interest—recognized by section 1226(c)—in detaining petitioner without a bond hearing based on suspicion that she has engaged in prostitution, that interest diminishes if petitioner is neither a flight risk nor a danger. *See Mathews*, 424 U.S. at 335; *see also See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting Zadvydas, 533 U.S. at 690). Accordingly, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025). Finally, the government's interest in withholding a bond hearing is relatively low.

factors employed in *Banda* but not *Lopez*—the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal—"are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 631 F. Supp. 3d at 879. Accordingly, petitioner's claim is analyzed under the three factors articulated in *Lopez*: (1) the total length of detention to date; (2) the likely duration of future detention; and (3) the delays in proceedings caused by petitioner and the government. I consider each factor in turn.

**I. Total Length of Detention**

The first factor is the length of detention, "which is the most important factor." *Banda*, 385 F. Supp. 3d at 1118. "It is important to bear in mind the context: The detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Id.* (quoting *Jamal A.*, 358 F. Supp. 3d at 859).

Petitioner has been detained for ten months, which is a period of time that multiple courts have found weigh strongly in favor of relief. *See*; *Ramon v. Blanche*, No. 26-cv-2849-CFE, 2026 WL 1836006, at *2 (C.D. Cal. June 17, 2026) (seven months); *Haidari v. ICE.*, No. 2:26-cv-0039-TL, 2026 WL 764689, at *3 (W.D. Wash. Mar. 18, 2026) (six months); *Amando v. DOJ*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (seven months); *Gurung v. Larose*, No. 26-cv-0920-LL-MSB, 2026 WL 776841, at *4 (S.D. Cal. Mar. 19, 2026) (eight months).

As petitioner has been detained for ten months without a bond hearing, this factor weighs in her favor.

**II. Likely Duration of Future Detention**

The court must next determine "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up). Petitioner spent nine months in custody during her immigration court proceedings. Courts have found that the pendency of an appeal warrants weighing this factor in the petitioner's favor. *See,*

*e.g.*, *Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process.").

The pending BIA appeal warrants weighing this factor in petitioner's favor. *See Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 (D. Ariz. Nov. 20, 2024) ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-1807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of the petitioner who had appealed the Immigration Judge's decision to the BIA).

BIA appeals may take a substantial period. "Courts have found that pending administrative and possible Ninth Circuit appeals can be 'sufficiently lengthy' such that it favors Petitioner's ability to be heard." *Kaur v. Lyons*, No. 26-cv-0217-PHX-KML, 2026 WL 967846, at *5 (D. Ariz. Mar. 24, 2026), *report and recommendation adopted*, 2026 WL 963792 (D. Ariz. Apr. 9, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-0098-SAB, 2025 WL 2099343, at *7 (E.D. Cal. July 25, 2025) (citing *German Santos v. Warden*, 965 F.3d 203, 211 (3d Cir. 2020)); *Arechiga v. Archambeault*, No. 2:23-cv-0600-CDS-VCF, 2023 WL 5207589, at *4 (D. Nev. Aug. 11, 2023) ("It is anyone's guess how long it will take the BIA to reconsider [the] petition . . . or how long subsequent appeals of that decision might take.").

The fact that Petitioner is at the beginning of the appeal process is also instructive. *See Banda*, 385 F. Supp. 3d at 1119 ("If the BIA affirms, petitioner will have the opportunity to seek review in the Ninth Circuit. This process may take up to two years or longer."). Accordingly, the potential length of detention during petitioner's appeal to the BIA and possible appeals to the Ninth Circuit Court of Appeals weighs strongly in favor of petitioner.

**III. Delays in Proceedings Caused by Petitioner and the Government**

Lastly, the court must consider the nature and extent of delays caused by petitioner and the government. Respondent cites petitioner's litigation strategy as the reason for the delay in his removal case but provides no detail regarding the strategy or the delay. *See* ECF No. 5 at 5. As neither party appears to be responsible for the time taken by the immigration case, I find that this factor is neutral.

On balance, the total length of detention, which is the "the most important factor," *see Banda*, 385 F. Supp. 3d at 1118, and the likelihood of significant future delay both weigh in petitioner's favor. Accordingly, a weighing of the *Lopez* factors supports a finding that petitioner's ten-month detention without a bond hearing has violated her Fifth Amendment Due Process rights.

Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release or, alternatively, a bond hearing. ECF No. 1 at 2. Respondent does not address the issue. *See* ECF No. 5. Petitioner has lived in the United States for over twenty-three years with no criminal arrests or convictions. ECF No. 5-1 at 2. Petitioner was at the airport coming home from a trip abroad when immigration authorities detained her for questioning. *See id*. Petitioner was stopped by immigration authorities on the basis of open-source information indicating that petitioner had been arrested over a dozen years ago for a drug offense in another country. *See id.*. Further investigation disclosed no drug-related evidence and that the prior drug case had been dismissed. *See id*. at 2-3. However, petitioner was deemed inadmissible and detained based on evidence that she engaged in prostitution. *Id.* at 3. Respondent does not argue that petitioner is a flight risk or a danger. ECF No. 5.

As an LPR, petitioner has a protected liberty interest in maintaining ties with her community and remaining free from governmental restraint. *See Amezcua*, 2026 WL 1048212, at *6 (collecting cases). The Supreme Court has observed that LPR status "carries several important privileges: he may remain in the United States indefinitely; he is free to work in this country; he may return to this country after a temporary absence abroad; and he has the privilege of establishing a permanent residence in the United States." *Saxbe v. Bustos*, 419 U.S. 65, 72 (1974). Notably, LPRs "do not lose their due process protections and liberty interest merely because they are subject to removal." *Amezcua*, 2026 WL 1048212. On the contrary, LPRs are "lawfully present in the United States until a final deportation or removal order is entered." *Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010). Here, although a removal order has been entered, it is on appeal and not yet final. *See* ECF No. 5-7.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Habeas corpus is an equitable remedy and "[f]ederal courts have a fair amount of flexibility" to tailor the remedy to the constitutional violation. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *see also Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) ("Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

Under these circumstances, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's prolonged detention without a bond hearing. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning her to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

Accordingly, I recommend that petitioner be released.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 056-683-024) from its custody. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve Mesa Verde Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE